# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

LAUSTEVEION JOHNSON,  )
)
                  Plaintiff,  )  Case No. 2:13-cv-00110-JAD-GWF
)
vs.  )  **FINDINGS AND**
)  **RECOMMENDATIONS & ORDER**
NDOC, et al.,  )
)  Motion for Leave to Amend Complaint
                  Defendants.  )  (#39)
)

      This matter comes before the Court on Plaintiff's Motion for Leave to Amend Complaint (#39), filed on February 21, 2014. Defendants filed their Opposition (#43) on March 10, 2014. Plaintiff filed his Reply (#48) on March 19, 2014.

      Under Federal Rule of Civil Procedure 15(a)(2), a party may amend a complaint only with the opposing party's written consent or with leave of the Court. Motions for leave to amend should be freely given when justice so requires. *See* Fed. R. Civ. P. 15(a)(2). A court may deny a motion to amend, if there is a showing of undue delay or bad faith on the part of the moving party, undue prejudice to the opposing party, or futility of the proposed amendments. *See Foman v. Davis*, 371 U.S. 178, 182 (1962). The party opposing amendment bears the burden of showing prejudice, futility, or one of the other recognized reasons for denying a motion to amend. *See DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987).

      Here, Plaintiff requests leave to file his second Amended Complaint. Defendants oppose Plaintiff's Motion asserting that it is unclear and confusing as to how Plaintiff is attempting to amend his complaint averring that Plaintiff failed to allege any new causes of action or describe the basis for the additional defendants. *See Doc. # 43*. Defendants are also concerned that allowing Plaintiff to

add additional parties could be prejudicial with the extent of discovery already completed. *Id.* Plaintiff, however, purports that he is only adding an additional claim for retaliation and correcting the names of those Defendants already named based on information he received during discovery. *See Doc. # 48*.

Based on the Court's review, it appears Plaintiff's first Amended Complaint (#12) and second Amended Complaint (#39-1) are virtually identical. The only differences appear to be an additional claim of retaliation, deletion of the class action allegations, and corrected names for the two John Does and previously misnamed Defendants. Plaintiff also added the Nevada Department of Corrections ("NDOC") as a Defendant and terminated Defendant Miller.

Specifically, Plaintiff indicated that he is removing Defendant Miller for whom the Attorney General accepted service as Lloyd Millar. *See Dkt. #39, #48* at pg. 2. Furthermore, Plaintiff provided the following updated information clarifying the identities of the Defendants already named in the action: Chaplain Kent Belmore (previously named as Buck), Senior C/O Daniel Brown (previously named as Brown), C/O Davis (previously named as Davis), C/O Jeremiah Hall (previously named as Hall), Kitchen Sgt. Paul Hunt (previously named as Hunns), Sgt. James Lester (previously named as John Doe Sgt.), C/O Paul Malay (previously named as P. Mayday), C/O Nakashima (previously named as John Doe C/O), and Senior C/O Robert Ramsey (previously named as Rowley).

The Attorney General has accepted service on behalf of Defendants Renee Baker, Daniel Brown, Ronald Bryant, Harold Byrne, James Greg Cox, Christopher Davis, Jeremiah Hall, Brea Howard, Paul Hunt, Charles Kirchen, Brandon Lawrence, James Lester, Rod Lightsey, Luis Lopez, Paul Malay, Lloyd Millar, William Moore, John Nakashima, Curtis Rigney, Walter Romero, Tasheena Sandoval, Andrew Silverstein, Drugh Waggener, and April Witter. *See Dkt. #71*. The Attorney General also filed the last known addresses under seal of Defendants Watson, Kennedy, Kent Belmore, and Robert Ramsey for service by the U.S. Marshals. *See Dkt. #52, #68*. Therefore, the proposed changes do not add additional parties that would prejudice the Defendants.

Furthermore, because Plaintiff's additional retaliation claim arises out of the same nexus of facts at issue in the first Amended Complaint (#12), the Court finds it will not prejudice Defendants

to allow Plaintiff to bring the additional claim of retaliation in his second Amended Complaint. Finding the changes in Plaintiff's second Amended Complaint to be minor and necessary to ensure the proper Defendants to the action are present, the Court will grant Plaintiff's Motion for Leave to File an Amended Complaint (#39). The second Amended Complaint (#39-1) shall be filed and screened pursuant to 28 U.S.C. § 1915A.

### I.     Screening Pursuant to 28 U.S.C. § 1915A

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1),(2). *Pro se* pleadings, however, must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d. 696, 699 (9th Cir. 1988). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, pursuant to the Prison Litigation Reform Act of 1995 (PLRA), a federal court must dismiss a prisoner's claim, "if the allegation of poverty is untrue," or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d. 1103, 1106 (9th Cir. 1995).

. . .

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the court takes as true all allegations of material fact stated in the complaint, and the court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id., see Papasan v. Allain*, 478 U.S. 265, 286 (1986).

A reviewing court should "begin by identifying pleadings [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79, 129 S.Ct. 1937, 1950 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations." *Id.* "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Id.* "Determining whether a complaint states a plausible claim for relief [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

Finally, all or part of a complaint filed by a prisoner may therefore be dismissed *sua sponte* if the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

. . .

### A.  Screening of the Complaint

Plaintiff raises the same claims from his first Amended Complaint (#12) related to prison officials' and staffs' interference with his religious exercise, particularly with his ability to observe his Muslim dietary restrictions. Similarly, he alleges the same allegations for retaliation, discrimination and cruel and unusual punishment because of his Muslim religion. The Court therefore incorporates the findings of Order (#11), which allowed Plaintiff to proceed with those claims. Additionally, the Court will screen Plaintiff's second Amended Complaint as to the addition of the Nevada Department of Corrections ("NDOC") as a Defendant and the additional claim of retaliation.

#### 1.  Plaintiff's § 1983 Claim Against NDOC

The requirements for relief under § 1983 have been articulated as: (1) a violation of rights protected by the Constitution or created by federal statute, (2) proximately caused (3) by conduct of a person (4) acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). A governmental agency that is an arm of the state is not a person for purposes of § 1983. *See Howlett v. Rose*, 496 U.S. 356, 365 (1990). Furthermore, a state's Department of Corrections is most likely an arm of the state under this analysis. *See Alabama v. Pugh*, 438 U.S. 781, 782 (1978).

Here, Plaintiff named NDOC, et al., as a Defendant in his second Amended Complaint (#39-1). Because NDOC is not considered a person for purposes of § 1983, Plaintiff cannot pursue this claim against NDOC. Plaintiff may, however, proceed with his claims against the remaining twenty-eight Defendants named in his second Amended Complaint.

#### 2.  First Amendment - Retaliation

Prisoners have a First Amendment right to file grievances against prison officials and to be free from retaliation for doing so. *Watison v. Carter,* 668 F.3d 1108, 1114 -1115 (9th Cir. 2012), citing *Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009). A retaliation claim has five elements. *Id*. First, the plaintiff must allege that the retaliated-against conduct is protected. The filing of an inmate grievance is protected conduct. *Rhodes v. Robinson*, 408 F.3d 559, 568 (9th Cir. 2005). Second, the plaintiff must claim the defendant took adverse action against the plaintiff. *Id*. at 567. "[T]he mere threat of harm can be an adverse action. . . ." *Brodheim*, 584 F.3d at 1270. Third, the

plaintiff must allege a causal connection between the adverse action and the protected conduct. Allegation of a chronology of events from which retaliation can be inferred is sufficient to survive dismissal because direct evidence of a causal connection may be hard to obtain. *See Pratt*, 65 F.3d at 808 ("timing can properly be considered as circumstantial evidence of retaliatory intent"); *Murphy v. Lane*, 833 F.2d 106, 108–09 (7th Cir. 1987).

The fourth element requires the plaintiff to allege that the "official's acts would chill or silence a person of ordinary firmness from future First Amendment activities," *Robinson*, 408 F.3d at 568 (internal quotation marks and emphasis omitted), or allege that he suffered some other "more than minimal" harm. *Id.* at n.11; *Brodheim*, 584 F.3d at 1269. The claim is not defeated if the retaliatory conduct did not chill the plaintiff from suing the alleged retaliator. *Robinson*, at 569.

Finally, the plaintiff must allege "that the prison authorities' retaliatory action did not advance legitimate goals of the correctional institution. . . ." *Rizzo v. Dawson*, 778 F.2d 527, 532 (9th Cir. 1985). This element is successfully pled by alleging, in addition to a retaliatory motive, that the defendant's actions were arbitrary and capricious, *id.*, or that they were "unnecessary to the maintenance of order in the institution," *Franklin v. Murphy*, 745 F.2d 1221, 1230 (9th Cir. 1984).

In count III at page 6-A ¶ 20, Plaintiff alleges that Defendants, in retaliation for Plaintiff filing prisoner grievances regarding his First Amendment religious rights in keeping a proper Kosher/Halel diet and participating in Ramadan, wrongfully issued a NOC as an aggravating factor at Plaintiff's parole hearing February 20, 2013. Plaintiff asserts that the NOC was later dismissed on appeal for being baseless, however, Plaintiff was already denied parole for three years because the NOC painted Plaintiff as litigious and racially and religiously motivated. Plaintiff has therefore stated a colorable claim against the named defendants.

**II.     Conclusion**

The Court has screened the allegations contained in Plaintiff's second amended civil rights complaint, taking into account Plaintiff's pro se status, and has determined that Plaintiff's claims pass the screening requirements of 28 U.S.C. § 1915(a). The motion to amend the complaint shall be granted and the matter shall proceed as to all claims raised therein. Plaintiff will not, however, be permitted to pursue his claim against the Nevada Department of Corrections. Accordingly,

**IT IS HEREBY ORDERED** that the motion to amend (ECF No. 39) is **granted**. The clerk shall detach and file the second amended complaint.

### RECOMMENDATIONS

**IT IS HEREBY RECOMMENDED** that Plaintiff's action against the Nevada Department of Corrections ("NDOC") be **dismissed** with prejudice.

### NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 1st day of July, 2014.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge