Travis N. Barrick, #9257
GALLIAN WELKER,
& BECKSTROM, LC
540 E. St. Louis Avenue
Las Vegas, Nevada 89117
Telephone: (702) 892-3500
Facsimile: (702) 386-1946
tbarrick@vegascase.com
*Attorneys for Plaintiff Johnson
In conjunction with the Legal
Aid Center of Southern
Nevada Pro Bono Pilot Project*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| LAUSTEVEION JOHNSON,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>NDOC, et al.,<br><br>　　　　　Defendants. | Case No.: 2:13-cv-110-RFB-GWF<br><br>**MOTION FOR TO BE RELIEVED FROM PRO BONO PROGRAM APPOINTMENT** |

Travis N. Barrick, Esq., of the law firm of Gallian Welker & Beckstrom, LC, in conjunction with the Legal Aid Center of Southern Nevada Pro Bono Pilot Project, hereby submits his Motion to be Relieved from Pro Bono Appointment. This Motion is based upon the papers and pleadings on file herein, the Points and Authorities below, the Declaration of Travis N. Barrick, and such oral argument that the Court chooses to entertain at the hearing thereon, if any.

**POINTS AND AUTHORITIES**

**I.   Background.**

On October 5, 2015, the Court entered its Order of Appointment, whereby Travis N. Barrick, Esq., was appointed as Pro Bono Counsel for Mr. Johnson, through the Pro Bono Pilot Program ("PBP")(ECF No. 130). Pursuant to the terms of the Order, Mr.

Barrick was appointed for the limited purpose of participation in settlement negotiations.

On October 22, 2015, following exhaustive review of extensive records in this matter, Mr. Barrick file a Motion to Reopen Discovery for Limited Purposes (ECF No. 137), to allow him to produce an expert medical report on Mr. Johnson's mental state and treatment, based upon his medical records. The Defendants filed their Response in Opposition (ECF No. 140) and, on November 9, 2015, the Court granted the Motion and re-set the relevant discovery dates (ECF No. 143).

On January 7, 2016, Mr. Barrick served the Defendants with the Plaintiff's Initial Expert Report. Mr. Barrick's firm expended $650.00 to the medical expert for their services.

On January 1, 2016, the Court entered its Order (ECF No. 148) setting this matter for a Settlement Conference, to be held on April 22, 2016.

On April 12, 2016, Mr. Barrick and his Legal Assistant, Mr. Lyons, traveled to and participated in a meeting with DAGs Haar and Frost at the Office of the Attorney General, to discuss the upcoming Settlement Conference.

On April 22, 2016, the parties participated in the Settlement Conference. During this Conference, the parties came upon the idea of attempting to globally settle all of Mr. Johnson's 9 pending cases. By way of the Court's Minute Order (ECF No. 160), the Settlement Conference was continued to July 22, 2016 and counsel for the parties agreed to work on a Global Settlement.

Between April 25 and May 5, Mr. Barrick and Mr. Lyons expended significant effort in researching the other 8 cases: downloading and reviewing the docket in each of

the other 8 cases, analyzing the claims, and performing relevant jury verdict research upon which to base the Global Settlement Offer.

On May 5, 2016, Mr. Barrick and Mr. Lyons traveled to and participated in a meeting with DAGs Haar and Frost at the Office of the Attorney General, to discuss the overall structure of the proposed Global Settlement.

On May 17, 2016, Mr. Barrick communicated Mr. Johnson's Global Settlement Offer to DAGs Haar and Frost.

On July 5, 2016, DAG Haar communicated the Defendants' Response to the Global Settlement Offer.

On July 22, 2016, the parties participated in the Global Settlement Conference. Unfortunately, no Global Settlement was reached and the parties appeared to be at an impasse as to potential resolution of all 9 cases, as well as this case individually.

II. **Argument.**

**A. The Court has the authority to both appoint and release counsel involved in the Pro Bono Program.**

By way of its General Order 2014-01, an "assigned Judge may refer the case to the Program for the appointment of pro bono counsel." As the General Order is silent as to the mechanism to seek release from such an appointment, such a request falls within the discretion of the Judge assigned to the case.

Here, since his appointment, Mr. Barrick expended more than 80 hours of his own time, as well more than 100 hours of Mr. Lyons' time, as well as approximately $750.00 in costs associated with the representation.

Given all the time, effort and money expended in this case, and the manner in which the Settlement Conference concluded, it would seem unfair, and contrary to the

spirit of the Pro Bono Program, to require Mr. Barrick to continue his representation in these circumstances.

Mr. Barrick is keeping open the possibility of entering into a contingency fee agreement with Mr. Johnson for purposes of taking this case to trial, but that is a conversation that has yet to be had.

### III. Conclusion.

For the reasons set forth above, Mr. Barrick requests that the Court relieve him of his duties under the Order of Appointment in this case.

DATED this 29th day of July, 2016.

By: /s/ Travis N. Barrick
Travis N. Barrick, # 9257
GALLIAN WELKER
& BECKSTROM, LC
*Attorneys for Plaintiff Johnson
In conjunction with the Legal
Aid Center of Southern
Nevada Pro Bono Pilot Project*

### DECLARATION OF TRAVIS N. BARRICK

### Johnson v. NDOC

STATE OF NEVADA    )
                   ) ss:
COUNTY OF CLARK    )

I, Travis N. Barrick, having been first duly sworn on oath, states as follows under penalty of perjury:

1. I am a resident of Clark County, Nevada, over the age of 18 years old and am counsel of record for the Plaintiffs in this matter.

2. Here, since his appointment, Mr. Barrick expended more than 80 hours of his own time, as well more than 100 hours of Mr. Lyons' time, as well as approximately $750.00 in costs associated with the representation.

- 4 -

3. On July 22, 2016, I participated in the Global Settlement Conference. Unfortunately, no Global Settlement was reached and the parties appeared to be at an impasse as to potential resolution of all 9 cases, as well as this case individually.

4. I am keeping open the possibility of representing Mr. Johnson on a contingency fee basis for purposes of representing him through trial in this matter, but I have not recently discussed that possibility with Mr. Johnson.

5. Further, Declarant sayeth not.

DATED this 29th day of July, 2016

_____
Travis N. Barrick

## ORDER

For the reasons set forth above, and good cause appearing, IT IS ORDERED that Mr. Barrick is relieved from his appointment in this matter.

DATED: 8/1/2016

_____
UNITED STATES MAGISTRATE JUDGE